IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 19-cr-00070-PAB
Civil Case No. 22-cv-01494-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. MARIA DEJESUS ARELLANO,

    Defendant.

---

# ORDER
---

This matter comes before the Court on Maria DeJesus Arellano's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 92], filed on June 13, 2022. On July 19, 2022, the government filed a response opposing the motion. Docket No. 98.

The Court construes Ms. Arellano's filings liberally because she is not represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court will not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the Court denies the § 2255 motion.

**I.    PROCEDURAL HISTORY**

On December 13, 2019, Ms. Arellano pled guilty to counts one and two of the indictment, charging her with possession with the intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and illegal re-

entry after deportation following a felony conviction, in violation of 8 U.S.C. §§ 1326(a), (b)(1).  Docket No. 46 at 1; Docket No. 47 at 1.  On July 9, 2021, the Court sentenced Ms. Arellano to 135 months imprisonment to be followed by five years of supervised release.  Docket No. 88 at 2.  Judgment entered on July 13, 2021.  Docket No. 90.  Ms. Arellano did not file an appeal.

On June 13, 2022, Ms. Arellano filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255.  Docket No. 92.  Section 2255 generally requires that a defendant file a petition within one year of the date on which the judgment of conviction becomes final.  28 U.S.C. § 2255(f)(1).  "If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."  *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006); *see also* Fed. R. App. P. 4(b)(1)(A)(i) (stating that a notice of appeal must be filed within 14 days after entry of judgment).  Ms. Arellano's conviction therefore became final on July 27, 2021.  Ms. Arellano filed her § 2255 motion on June 13, 2022, which is within one year of the date that her conviction became final.  *See* Docket No. 92.  As a result, her motion is timely.  *See* 28 U.S.C. § 2255(f)(1).

II.     ANALYSIS

Ms. Arellano states that the basis of her § 2255 motion is "denial of right of appeal."  Docket No. 92 at 4.  Specifically, Ms. Arellano argues,

> [i]n my opinion, I was not properly represented by my attorney.  Before my sentencing[,] I saw him 4 times, he didn't provide proper follow up and guidance during the process.  We also rarely spoke on the phone or had legal visit.  After sentencing[,] I wasn't offered an opportunity for an appeal, he said he would look into it and I have not heard from him since.  I would appreciate an opportunity to potentially appeal the sentencing I received.

*Id*.  The Court construes Ms. Arellano's motion as making two ineffective assistance of counsel arguments: (1) her counsel was ineffective through sentencing; and (2) her counsel was ineffective in failing to file an appeal.[1]

### A. Ineffective Assistance of Counsel through Sentencing

To establish ineffective assistance of counsel, Ms. Arellano must demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice to her defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A court is not required to address both prongs of the *Strickland* test if the defendant fails to make a sufficient showing of one.  *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998).

"Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689.  There is "a strong presumption" that counsel's performance falls within the "wide range of reasonable professional assistance." *Id*.  Ms. Arellano bears the burden of overcoming this presumption by showing that the alleged errors were not sound strategy under the circumstances.  *See id*.  "For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).

Under the prejudice prong, Ms. Arellano must demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694.  "A reasonable

---

[1] In the plea agreement, Ms. Arellano waived the right to challenge her conviction or sentence in any collateral attack, such as a motion brought under 28 U.S.C. § 2255, subject to three exceptions, including ineffective assistance of counsel.  Docket No. 47 at 2-3.  As a result, her § 2255 motion is excepted from the waiver of appellate and collateral attack rights in her plea agreement.

probability is a probability sufficient to undermine confidence in the outcome." *Id*. To demonstrate prejudice in relation to her conviction, Ms. Arellano must show that "there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). This inquiry turns on: (1) whether going to trial would have been objectively rational under the circumstances; and (2) whether, in light of all the factual circumstances surrounding the plea, there is in fact a reasonable probability that Ms. Arellano would have rejected the proposed plea agreement and instead proceeded to trial. *Heard v. Addison*, 728 F.3d 1170, 1184 (10th Cir. 2013). To demonstrate prejudice in the sentencing context, Ms. Arellano must show a reasonable probability that her counsel's allegedly deficient performance resulted in an increased sentence. *See Glover v. United States*, 531 U.S. 198, 203-04 (2001).

Ms. Arellano asserts that she saw her attorney four times before sentencing, they "rarely spoke on the phone," and her attorney "didn't provide proper follow up and guidance during the process." Docket No. 92 at 4. Although the Court must construe Ms. Arellano's *pro se* motion liberally, the Court is "not required to fashion Defendant's arguments for [her] where [her] allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). Ms. Arellano's allegations are conclusory because she fails to describe what guidance her attorney should have provided before sentencing. *See generally* Docket No. 92. Furthermore, Ms. Arellano's allegations are contradicted by her sworn testimony at the change of plea hearing. "[S]tatements on the record, 'as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any

4

subsequent collateral proceedings.'" *Romero v. Tansy*, 46 F.3d 1024, 1033 (10th Cir. 1995) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Thus, a defendant's "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74. At the change of plea hearing, Ms. Arellano stated that she discussed the plea agreement with her counsel, she had sufficient time to review her plea agreement, counsel answered all her questions satisfactorily, she signed the plea agreement voluntarily, and she was satisfied with her counsel's representation. Docket No. 94 at 4-6, 14-15. In response to the question of whether she had any "complaints or criticism" of her attorney or of the plea agreement he negotiated on her behalf, Ms. Arellano said "no." *Id*. at 14-15. The Court found that Ms. Arellano "has thoroughly discussed her Plea Agreement with her attorney" and she "has been represented throughout these proceedings by competent and effective counsel with whom she has no criticism or complaint." *Id*. at 18. Accordingly, the Court finds that Ms. Arellano's conclusory allegations are subject to summary dismissal. *See Blackledge*, 431 U.S. at 74.

Even if Ms. Arellano had identified specific communication errors that were objectively unreasonable, she has not demonstrated prejudice. To the extent Ms. Arellano raises this claim in relation to her conviction, she makes no argument that there was a reasonable probability that she would have insisted on going to trial if her counsel had provided more guidance. *See Hill*, 474 U.S. at 59. To the extent that Ms. Arellano raises this claim in relation to her sentence, she makes no argument that counsel's lack of communication resulted in an increased sentence. *See Glover*, 531

5

U.S. at 203-04.  Ms. Arellano has failed to meet her burden under the *Strickland* test and the Court therefore rejects her first ineffective assistance of counsel claim.

### B. Failure to File an Appeal

In *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), the Supreme Court held that the *Strickland* framework governs a defendant's claim "that counsel was constitutionally ineffective for failing to file a notice of appeal." The first question in this type of case is whether the defendant specifically instructed her counsel to file an appeal.  *See id*.  "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."  *Id*.; *see also United States v. Orozco-Sanchez*, 804 F. App'x 952, 962 (10th Cir. 2020) (unpublished).  Here, Ms. Arellano does not claim that she instructed her counsel to file an appeal.  *See generally* Docket No. 92.  Rather, she states that, "[a]fter sentencing[,] I wasn't offered an opportunity for an appeal, he said he would look into it and I have not heard from him since."  *Id*. at 4.

If counsel did not consult with the defendant regarding an appeal, the Court must evaluate whether the failure to consult constitutes deficient performance.  *Flores-Ortega*, 528 U.S. at 478.  In *Flores-Ortega*, the Supreme Court rejected the notion that counsel has a *per se* constitutional duty to consult with a defendant about an appeal. *Id*. at 479; *see also Orozco-Sanchez*, 804 F. App'x at 962.  Rather, counsel must consult with the defendant about an appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."  *Flores-Ortega*, 528 U.S. at 480; *see also*

*United States v. DeWald*, 822 F. App'x 768, 772 (10th Cir. 2020) (unpublished). "In making this determination, courts must take into account all the information counsel knew or should have known." *Flores-Ortega*, 528 U.S. at 480. "Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Id*.; *see also Orozco-Sanchez*, 804 F. App'x at 962. If a defendant pled guilty, the Court "must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." *Flores-Ortega*, 528 U.S. at 480.

In *Flores-Ortega*, the Supreme Court provided two examples of when it would be reasonable for an attorney to not consult a client about an appeal:

> [first], suppose that a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal. Under these circumstances, it would be difficult to say that counsel is "professionally unreasonable" . . . [Second,] suppose a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult. In some cases, counsel might then reasonably decide that he need not repeat that information.

*Id*. at 479-80.

The Court finds that counsel's failure to consult with Ms. Arellano regarding an appeal was not constitutionally deficient. Ms. Arellano does not argue that she reasonably demonstrated to counsel that she was interested in appealing. *See*

7

*generally* Docket No. 92. Furthermore, there is no reason to think that a rational defendant would have appealed in this case. Ms. Arellano pled guilty to counts one and two of the indictment and waived her appellate rights in the plea agreement, with three narrow exceptions. Docket No. 47 at 1-3. At the change of plea hearing, Ms. Arellano acknowledged that she discussed the appellate waiver with her counsel and that she understood the waiver of her appellate rights. Docket No. 94 at 7. Ms. Arellano's plea agreement estimated her sentencing guideline range as 135 months to 168 months imprisonment, Docket No. 47 at 9, and Ms. Arellano stated at the change of plea hearing that she understood the estimated guideline range and the mandatory minimum of ten years imprisonment. Docket No. 94 at 10-11. The Court sentenced Ms. Arellano to 135 months imprisonment. Docket No. 95 at 21. Ms. Arellano therefore received the sentence "bargained for as part of the plea." *See Flores-Ortega*, 528 U.S. at 480; *see also DeWald*, 822 F. App'x at 775; *United States v. Wales*, 2006 WL 950655, at *2 (10th Cir. Apr. 13, 2006) (unpublished) ("The facts known to defense counsel - that [defendant] pleaded guilty, received the sentence bargained for, and waived all appeal rights - reasonably suggested to counsel that a rational defendant would not want to appeal."). At sentencing, the Court advised Ms. Arellano of her right to appeal the sentence, informed her that a notice of appeal must be filed within 14 days after the entry of judgment, and informed her that "the Clerk of Court must immediately prepare and file a notice of appeal on her behalf" if she requests it. Docket No. 95 at 23-24. The Court finds that, similar to the first example in *Flores-Ortega*, counsel's failure to consult in this case was not professionally unreasonable. *See Flores-Ortega*, 528 U.S. at 479-80.

Even if counsel's failure to consult was deficient, Ms. Arellano fails to establish the prejudice element. To establish the prejudice element, a defendant "must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with [her] about an appeal, [s]he would have timely appealed." *Id.* at 484. Ms. Arellano does not allege that she would have filed an appeal but for her counsel's failure to consult. *See generally* Docket No. 92. Rather, she states that that she "would appreciate an opportunity to *potentially appeal* the sentencing." *Id*. at 4 (emphasis added). Accordingly, Ms. Arellano has failed to meet her burden under *Strickland* and *Flores-Ortega*. The Court therefore rejects her second ineffective assistance of counsel claim.

### C. Certificate of Appealability and Evidentiary Hearing

Under Rule 11(a) of the Section 2255 Rules, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In the present case, the Court concludes that Ms. Arellano has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will deny a certificate of appealability.

A court shall hold a hearing on the § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

9

28 U.S.C. § 2255(b).  "District courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a movant's claim."  *United States v. Cervini*, 379 F.3d 987, 994 (10th Cir. 2004).  The Court has found that Ms. Arellano has not met either prong of the *Strickland* test and she has offered no explanation of what testimony she would present at a hearing.  Therefore, the Court finds that a hearing is not required.

### III. CONCLUSION

For the reasons discussed above, it is

**ORDERED** that Ms. Arellano's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 92] is **DENIED**. It is further

**ORDERED** that, under 28 U.S.C. § 2253(c)(2) and the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is **DENIED**.

DATED July 28, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge